UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**RICHARD JEREL DOYLE**                                                             **PETITIONER**
Reg #76156-061

V.                                         No. 2:23-cv-47-DPM-ERE

**JOHN P. YATES,**
**Warden, FCI- Forrest City**                                                       **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Chief Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

**I.     Background**

On February 28, 2023, Richard Jerel Doyle, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (*Doc. 1*), challenging the BOP's calculation of jail time credit. On April 17, 2023, Respondent filed a response contending the petition should be denied as moot, because, on April 5, 2023, the

BOP credited Mr. Doyle with federal jail time from April 1 through July 19, 2016. This new computation changed Mr. Doyle's anticipated release date from October 3 to June 17, 2023. *Doc. 10.*

The Court set a deadline of Tuesday, May 2, 2023, for Mr. Doyle to file a reply. To date, he has not filed a reply, and the time for doing so has passed. *Doc. 11.*

**II.   Discussion**

Respondent explains that, after Mr. Doyle filed his petition, the Bureau of Prisons ("BOP") reviewed Mr. Doyle's file and discovered that he "had been detained by the Ohio Adult Parole Authority (APA) from March 28, 2016, until he was taken by the U.S. Marshals Service on July 19, 2016." *Doc. 10 at 2.* Based on this discovery, Respondent provided Mr. Doyle with an additional 109 days of jail credit toward his federal sentence. *Id.*

Although Mr. Doyle's Petition asserts that he was entitled to an additional 113 days (*Doc. 2 at 10*), Respondent points out that the four-day difference is because Ohio APA applied those days toward Mr. Doyle's parole violation, rather than pressing additional charges. *Doc. 10 at 2.* Mr. Doyle does not dispute this allegation. Because four days were credited toward Mr. Doyle's state sentence, those days cannot be credited toward his federal sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any

time he has spent in official detention . . . that has not been credited against another sentence.").

Thus, Mr. Doyle has been granted most of the jail credit requested in his habeas Petition and all of the jail credit he is entitled to under applicable law.

**III. Conclusion**

IT IS THEREFORE RECOMMENDED that Petitioner Richard Doyle's § 2241 Petition for Writ of Habeas Corpus (*Doc. 1*) be DENIED as either moot or without merit.

Dated 8 May 2023.

_____
UNITED STATES MAGISTRATE JUDGE